Filed 4/12/21  P. v. Clayton CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br>ANDREW BERNARD CLAYTON,<br>      Defendant and Appellant. | A158220<br><br>(Marin County<br>Super. Ct. No. SC112594) |

Senate Bill No. 1437 amended the mens rea requirements for murder and "restricted the circumstances under which a person can be liable for murder under the felony-murder rule or the natural and probable consequences doctrine.  (Stats. 2018, ch. 1015.)"  (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 (*Lamoureux*).)  As a result, the mens rea required for a murder conviction, malice aforethought, "shall not be imputed to a person based solely on his or her participation in a crime."  (Stats. 2018, ch. 1015, § 2 [amending Pen. Code, § 188].)[1]  Additionally, participants in specified felonies are now liable for murder only if the defendant:  (1) killed the victim; (2) aided the actual killer with the intent to kill; or (3) "was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."  (Stats. 2018, ch. 1015, § 3 [adding § 189, subd. (e)].)  The

___

[1] All further statutory references are to the Penal Code unless otherwise specified.

1

legislation also established a procedure for vacating prior convictions for felony murder or murder under the natural and probable consequences theory that do not fulfill these amended criteria. (§ 1170.95, subds. (a), (c), (d)(1).)

The trial court dismissed defendant Andrew Clayton's section 1170.95 petition seeking to vacate his first degree murder conviction (§ 187, subd. (a)), related to the killing of a person during a drug-related robbery. (*People v. Clayton* (Sept. 20, 2006, A104581) [nonpub. opn.].) Instead of reaching the merits, the trial court concluded Senate Bill No. 1437 was unconstitutional because it invalidly amended Proposition 7,[2] a voter initiative enhancing punishments for murder. (See Ballot Pamp., Gen. Elec. (Nov. 7, 1978) analysis of Prop. 7 by Legis. Analyst, pp. 32–33.)

Defendant appealed, arguing Senate Bill No. 1437 is constitutional. We agree. Numerous Courts of Appeal have rejected the same arguments the People[3] make here and have found Senate Bill No. 1437 constitutional. (See, e.g., *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [Fifth District]; *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555 [Third District]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Sixth District]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 593–594 [Second District]; *Lamoureux, supra*, 42 Cal.App.5th at p. 246 [Fourth District].)

---

[2] Defendant requested that we take judicial notice of the text, analysis, and arguments for Propositions 7 and 115 and the Senate Public Safety Committee report for Senate Bill No. 1437. We now grant his request. (See Evid. Code, §§ 452, subd. (b), 459, subd. (a).)

[3] The District Attorney of Marin County defends the trial court's order, while the Attorney General has submitted an amicus brief defending the constitutionality of Senate Bill No. 1437, and in support of defendant.

First, Senate Bill No. 1437 did not invalidly amend Proposition 7 or 115—a voter initiative adding certain predicate felony offenses for establishing felony-murder liability. (See *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 280–282, 287 [under Cal. Const., art. II, § 10, subd. (c), Legislature may address related but distinct area or matters that a voter initiative does not expressly authorize or prohibit]; Prop. 115, as approved by voters, Primary Elec. (June 5, 1990).) Second, section 1170.95 does not violate victims' rights to safety, finality of criminal judgments, or "truth in sentencing"—providing sentences served " 'shall not be substantially diminished by early release policies . . . .' " (See *People v. Bucio* (2020) 48 Cal.App.5th 300, 313 [Victims' Bill of Rights Act of 2008 did not restrict the Legislature from creating postconviction procedures]; *Lamoureux, supra*, 42 Cal.App.5th at pp. 264–266 [when resentencing under § 1170.95, courts consider whether defendant poses serious danger to society].) Third, section 1170.95 does not violate the separation of powers by infringing upon the judiciary's core function to issue final judgments or the Governor's power of clemency. (*Lamoureux, supra*, 42 Cal.App.5th at pp. 255–256 ["section 1170.95's interference with the executive's clemency authority, if any, is merely incidental to the main legislative purpose of Senate Bill 1437"], 261–263 [Legislature has the power to adjust prison terms in final judgments for a legitimate public purpose].)

We accept the published decisions' analyses and conclusions that Senate Bill No. 1437 is constitutional. There is no reason to elaborate on those discussions here.

## DISPOSITION

The order is reversed and remanded.

3

_____
Jackson, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Wiseman, J.*

A158220/*People v. Andrew Bernard Clayton*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4